THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GEORGE SHANNON, also known as GEORGE SHEEHAN, Defendant.

County Court, Steuben County, April 12, 1951.

*George Shannon,* defendant in person.

*Harry K. Morton, District Attorney,* for plaintiff.

BRISCO, J.   The petitioner here is presently confined in the Clinton State Prison at Dannemora, New York, serving a sentence imposed by the Sullivan County Court following his conviction as a second offender (Penal Law, § 1941).   He has brought this proceeding in the nature of a writ of *coram nobis* to vacate and expunge from the records of the Steuben County Court a prior judgment of conviction filed June 11, 1932, following a plea of guilty to an indictment for the crime of burglary in the third degree.   In support of his petition he alleges that at the time of arraignment he was not asked if he desired the aid of counsel and no counsel was assigned to him (Code Crim. Pro., §§ 188, 308).   That at the time of his arraignment upon said indictment and his plea of guilty thereto, he was alone and friendless in a strange community and the processes of law were not adhered to, and the protection which should have been afforded him by the court was not present, and he was allowed to plead to a felony charge without knowing the rights due him under law.   He further alleges that he is a person of common education, friendless and unversed in the law of procedure in a criminal court, and could not know, and did not know that he was entitled to have counsel or to have the court extend to him a continuance to obtain counsel.   He further alleges that he has been denied the due process of law afforded him within the intent and meaning of the 14th Amendment of the United States Constitution, and section 6 of article I of the New York Constitution.

In the meantime the sentencing Judge has died.   Presently, at least, the stenographer's minutes do not appear to be available. . There is, however, another factor which demands the thought and attention of this court.   The Steuben County Court keeps, in the Steuben County Clerk's office, as part of its routine, a permanent record of judgments of convictions on a printed form with appropriate blanks for the insertion of essential information.   The form that was used to record the written challenged judgment of conviction contains as ˚ part of the printed material the following:  " The defendant having been indicted for the crime of burglary 3rd degree on the 7th day of June, 1932, for appearing June 11, 1932 for arraignment was asked if he desired the aid of counsel, to which he answered ——————."   The space allowed for his answer is blank.

Affidavits have been submitted by the People to this court. Among other things the affiants have sworn as to the custom of the court to inform every defendant of his right to counsel. The then District Attorney, who is now a Judge of a court of record has submitted his affidavit in which he stated that the petitioner was informed of his rights to counsel before he pled to the charge and at all stages of the proceedings, but the defendant stated he did not desire the aid of counsel and pled guilty to the charge at the time of arraignment. He further stated in his affidavit that he is certain that the blank in the record was simply an omission in the making of the record and that the defendant was fully informed of his rights to counsel at the time of his arraignment and before he pled guilty to the said charge.

Obviously an issue of fact has been raised by the affidavits submitted upon this motion.

The Court of Appeals, in a sharply divided court, four to three, held in a decision reported Thursday, March 8, 1951, in *People* v. *Richetti* (302 N. Y. 290, 297) in a like proceeding that '' A ' hearing ' or ' Trial ' of such an issue of fact is an empty form unless it takes place in open court with the right, on each side, to examine and cross-examine.'' The said Court of Appeals in the *Richetti* case reversed the lower courts and remitted the *Richetti* case to the County Court of Queens County for trial.

I feel the *Richetti* case is controlling upon this motion.

The petitioner, George Shannon (Sheehan) is therefore given the right to be returned to the Steuben County Court, properly attired in civilian clothing, for a hearing and determination in the within matter, as required by law and in the interests of justice.

Let an order be entered accordingly.